UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rachel Besch,                                                  Civil No. 07-4264  JMR/FLN

       Plaintiff,

       v.                                                NOTICE OF SETTLEMENT
                                                                            CONFERENCE

Diversified Adjustment Services,
Inc., and William H. Bright,

       Defendants.

_____

       The above-referenced case is assigned to Chief Judge Rosenbaum for trial.  A settlement conference will be held on March 10, 2008, at 2:00 p.m., before the undersigned in 9W, United States Courthouse, 300 South 4th Street, Minneapolis, Minnesota.

       Counsel who <u>will actually try the case</u> and <u>each party</u>, <u>armed with full settlement authority</u>, shall be present.  If individuals are parties to this case, they shall be present.  If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present.  This means that each party must attend through a person who has the <u>power</u> to settle the case upon the opposing party's last stated settlement terms.  If the party representative has a lesser limit, or "cap" on his or her authority, this requirement is not satisfied.  If an insurance company is required to defend or indemnify any party, a representative of the insurer with the power to pay the policy limits must also attend the settlement conference.

       In order to encourage the parties to address the issue of settlement on their own, counsel must meet in person with one another at least ten (10) days prior to the date of the settlement conference, to engage in a full and frank discussion of settlement.  If the case does not settle, each attorney shall submit, at least one week before the date of the settlement conference, a letter

setting forth the parties' respective settlement positions before the meeting, their respective positions following the meeting and a reasoned, itemized analysis justifying their client's last stated settlement position.  The letter shall be submitted <u>in</u> <u>camera</u> directly to the magistrate judge and need not be served on adverse parties.  The content of the letter is privileged under Fed.R.Evid. 408 and will be used by the magistrate judge only to evaluate the likelihood of settlement and to facilitate the settlement discussion.  Failure of any lawyer to submit this letter will result in the settlement conference being rescheduled and the imposition of an appropriate sanction on the attorney whose failure caused the conference to be postponed.  Additional sanctions may be imposed for failure to comply with any of the other foregoing instructions.

DATED: December 21, 2007.                              s/ *Franklin L. Noel*
                                                                          United States Magistrate Judge